# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD WINESBERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OSI INDUSTRIES, LLC, ) <br> ) <br> Defendant. ) | Case No. 16 cv 1478 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Winesberry submitted a *pro se* Complaint, alleging employment discrimination on the basis of race and color in violation of Title VII. Defendant OSI Industries moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Complaint is untimely [30]. For the reasons stated herein, the Court grants the motion.

**Background**

Plaintiff Ronald Winesberry submitted a *pro se* complaint to the Clerk's Office of the U.S. District Court on January 28, 2016. The Complaint was stamped "received" and docketed. The original complaint was not accompanied by payment of the filing fees or a petition for leave to proceed *in forma pauperis*. This Court set the case for status on March 7, 2016, when Winesberry failed to appear the Court dismissed the Complaint for want of prosecution. On March 16, 2016, this Court granted Winesberry's motion to reinstate. That same day, Winesberry filed an *in forma pauperis* petition and motion to appoint counsel. The Court granted Winesberry's request to proceed *in forma pauperis* on April 14, 2016, and denied without prejudice Winesberry's motion for counsel. Defendant OSI Industries moved to dismiss the Complaint on July 6, 2016. The Court entered a briefing schedule and thereafter recruited counsel to represent Winesberry.

1

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The plaintiff does not need to provide detailed factual allegations, but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

OSI Industries argues that the Complaint is time-barred because it was not "filed" within 90 days of Winesberry receiving a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). A lawsuit claiming violation of Title VII must be filed within 90 days of the plaintiff receiving notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Winesberry received his notice of right to sue from the EEOC on November 15, 2015. OSI Industries contends that the Complaint is untimely because it was not technically deemed "filed" until this Court granted Winesberry's *in forma pauperis* petition on April 14, 2016. Thus, the question before the Court is when is a Complaint "filed" for purposes of the statute of limitations in a Title VII claim.

Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." Rule 5(d)(2) provides that "[a] paper is filed by delivering it: (A) to the clerk." Fed.R.Civ.P. 5(d)(2)(A). "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed.R.Civ.P. 5(d)(4). The Local Rules of the Northern District of Illinois provide further guidance on how and when a Complaint is

deemed to have been filed when a plaintiff is seeking *in forma pauperis* status. Local Rule 3.3(b) provides:

> Any document submitted for filing for which a filing fee is required *must be accompanied* either by the appropriate fee or an IFP petition. Notwithstanding this provision, the clerk will file any document including a complaint in a civil action… without prepayment, but such filings shall be subject to the sanctions set forth in section (e) of this Rule.

N.D. Ill. L.R. 3.3(b) (emphasis added).

Section (e) provides:

> Upon *denial* of an IFP petition, the clerk shall notify the person filing the documents of the amount of fees due. If the required fees are not paid within 15 days of the date of such notification, or within such other time as may be fixed by the court, the clerk shall notify the judge before whom the matter is pending of the nonpayment. The court may then apply such sanctions as it determines necessary including dismissal of the action.

N.D. Ill. L.R. 3.3(e) (emphasis added).

Section (d) provides for the time of filing where, as here, the Court grants an IFP petition:

> If the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed:
> …
> (2) in the case of any other plaintiff, as of the time the complaint was received by the clerk.

N. Ill. L.R. 3.3(d).

Under ordinary circumstances these rules would clearly deem Winesberry's Complaint as filed on January 28, 2016, the day it was received by the Clerk's office and within the 90 day time period necessary to timely file a Title VII claim. Here, however, there is an additional wrinkle. The Local Rules contemplate the plaintiff submitting an IFP petition with the Complaint. Winesberry failed to complete and submit an IFP petition when he tendered his Complaint to the Clerk. OSI Industries asserts that this technical defect is fatal to Winesberry's Complaint.

3

If Winesberry had filed an IFP petition at the same time as his Complaint, then there would be no issue of timeliness because L.R. 3.3(d) would control. Yet, the Court is presented now with the unusual situation where Winesberry did not file an IFP until March 16, 2016, a month after the 90 day window to sue under Title VII had expired. Although the Court granted the IFP petition, there was no statute of limitations left to toll. Neither the Federal Rules of Civil Procedure nor the Local Rules address this situation.

None of the cases cited by the parties address this particular situation either. *Williams-Guice v. Bd. of Educ. of the City of Chicago,* 45 F.3d 161, 162 (7th Cir. 1995), the Seventh Circuit Court of Appeals considered the question of what happens if the district judge denies an IFP petition and the plaintiff does not pay promptly. The court held that in the Northern District of Illinois a plaintiff would have "the greater of the remaining period of limitations, or the 15 days provided by Local Rule 11D, to pay the docket fee after the district judge denies the application for leave to proceed *in forma pauperis.*" *Id.* at 165. The case at bar is distinguishable for two reasons: first, in *Williams-Guice* the plaintiff had filed an application for IFP with her complaint and, second, the district court denied the IFP petition.

In *Gilardi v. Schroeder*, 833 F.3d 1226 (7th Cir. 1987), the district court clerk rejected a complaint that would have been timely. The Seventh Circuit affirmed the decision of the district court that the clerk improperly rejected the complaint initially and therefore the district court had discretion to deem the complaint timely filed when it granted the plaintiff's IFP. *Id.* at 1233.

*Chapman v. The Village of Hinsdale, et al.*, No. 07 C 7232, 2008 U.S. Dist. LEXIS 48723, 2008 WL 2557465, at *3 (N.D. Ill. June 23, 2008) (Lindberg, J.), does not involve an IFP petition, but reiterates that a complaint stamped "received" by the court clerk is not the equivalent of a complaint that is "filed." In *Chapman* the district court dismissed the complaint as untimely since there was no authority to toll the statute of limitations. *Id.* In *Cotton v. Wachovia Securities,* No. 05 C 3553, 2006 U.S.

4

Dist. LEXIS 1173, 2006 WL 120055, at *2 (N.D. Ill. Jan. 12, 2006) (Marovich, J.), the district court found that plaintiff's complaint was timely filed within the 90-day Title VII requirement because the statute of limitations was tolled during the time the court considered the plaintiff's IFP petition. In *Cotton*, the court denied the plaintiff's IFP petition and the plaintiff paid the filing fee on the 89th or 90th day following his receive of the notice of right to sue from the EEOC. *Id.*

The rules and case law provide ample authority for the proposition that the 90-day statute of limitations for filing a complaint under Title VII are tolled by the filing of a IFP petition and the court's consideration of that petition. Here, Winesberry's 90-day window closed on February 15, 2016, and he did not file an IFP petition or pay the filing fee within that time frame. The situation here is also not one where the Complaint itself failed to conform to the rules in some manner. Dismissal is appropriate here, where the plaintiff simply did not pay the filing fee or seek a waiver through an IFP petition until a month after that 90-day period had ended. There is no basis therefore for this Court to toll the limitations period.

Based on the foregoing, this Court grants defendant OSI Industries' Motion to Dismiss [30] and thanks counsel recruited to represent the plaintiff pursuant to her trial bar duties. Civil case terminated.

IT IS SO ORDERED.

Date: November 9, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge